IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY SPANG,<br><br>Defendant. | Cause No.  CV 10-00150-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff James Morrison's

Motion to Proceed in Forma Pauperis (Court Doc. 1), proposed

Complaint (Court Doc. 2), and Motion for Non-Prisoner Status (Court Doc. 4).

## I.  MOTION FOR NON-PRISONER STATUS

Morrison's most recent motion requests this Court to designate this action as a non-prison litigation since he is a pretrial detainee (not a prisoner) and this matter does not concern confinement.  Morrison's motion must be denied.

28 U.S.C. § 1915 defines the term "prisoner" as "any person incarcerated or detained in any facility who is **accused of**, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h) (emphasis added).

According to this Court's records, Morrison is being held in the Yellowstone County Detention Facility on federal charges of failing to register as a sex offender.  Thus, he is an individual detained in a facility who is accused of a violation of criminal law.  Mr. Morrison is therefore, a prisoner, under the terms of the statute.

Moreover, the Court bases its findings below on 28 U.S.C. § 1915 which governs not just prisoner actions but all proceedings filed in forma pauperis.

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Permission to proceed in forma pauperis is discretionary with the Court.  See 28 U.S.C. § 1915(a).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of their "entitlement to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a

cause of action." Twombly, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting Bell, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

## III. STATEMENT OF THE CASE

### A.  Parties

Morrison is currently being held in the Yellowstone County Detention Facility on federal charges seemingly unrelated to the claims brought herein.

The named Defendant is Leroy Spang, President of the Northern Cheyenne Tribe.

### B.  Factual Background and Allegations

Morrison alleges that on or about December 12, 2008, he plead guilty in the Northern Cheyenne Tribal Court to possession of two marijuana cigarettes. He was given a sentence of 90 days and a four-year exclusion from the boundaries of the Northern Cheyenne Tribe.

On April 29, 2009, Morrison was arrested and booked into the Northern Cheyenne Detention Facility.  Morrison alleges he was never advised of the charges.  On May 14, 2009, Morrison received an Order from the Northern Cheyenne Tribe sentencing him to six months at a treatment facility in Casper, Wyoming.  The Order cited Morrison's drug addiction and the December 12, 2008 conviction as grounds for the involuntary commitment.  Morrison immediately filed objections for lack of due process.  On May 21, 2009, Morrison received an Order amending his December 12, 2008, sentence from 90-days incarceration to one-year incarceration and a five thousand-dollar fine.  He was then transferred to the Casper Reentry Center in Casper, Wyoming.

Based upon these facts, Morrison alleges double jeopardy, denial of due process in involuntary commitment proceedings, denial of due process in criminal prosecution, and kidnaping.

## IV.  ANALYSIS

Morrison does not specify the jurisdiction bases of his claims but they appear to arise under both Bivens v. Six Unknown Fed. Narcotic

Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Similarly, to state a claim under Bivens, a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for replacement of state actor under § 1983 by federal actor under Bivens).

Because the only named defendant in this matter is a tribal officer who is neither a state actor nor a federal actor, the Complaint fails to state a federal claim for relief.  Because Indian tribes are separate and distinct sovereignties, "no action under 42 U.S.C. § 1983 can be

maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir. 1983). Similarly, because actions under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), also arise only as to persons who are bound by the United States Constitution, Morrison cannot state a claim under Bivens.

In addition, "Indian tribes are neither states, nor part of the federal government, nor subdivisions of either." N.L.R.B. v. Pueblo of San Juan, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc). Unless Congress authorizes the suit or sovereign immunity has been waived, Indian tribes, tribal entities, and persons acting on tribes' behalf in an official capacity enjoy sovereign immunity against suit. Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998) (tribe); Allen v. Gold Country Casino, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity), Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479-80 (9th Cir. 1985) (tribal officials). "Absent

congressional abrogation or explicit waiver, sovereign immunity bars suit against an Indian tribe in federal court." Burlington Northern & Santa Fe Ry. Co. v. Vaughn, 509 F.3d 1085, 1091 (9th Cir. 2007) (citing Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998)).  "This immunity protects tribal officials acting within the scope of their valid authority."  Burlington Northern, 509 F.3d at 1090 citing Hardin v. White Mountain Apache Tribe, 779 F.2d 476, 479-80 (9th Cir. 1985).  Thus, Morrison's claims are barred by the doctrine of sovereign immunity.

It may be possible for Morrison to bring his claim under the Indian Civil Rights Act.  25 U.S.C. § 1301-1303.  Kennerly v. United States, 534 F.Supp. 269, 278 (D.Mont 1982) rev'd in part on other grounds, 721 F.2d 1252 (9th Cir. 1983).  But the only federal cause of action available to enforce the Indian Civil Rights Act is a petition for writ of habeas corpus filed under 25 U.S.C. § 1303, a remedy that he does not seek here.  Boe v. Fort Belknap Indian Community of Ft. Belknap Reservation, 642 F.2d 276, 278-79 (9th cir. 1981).

## V. CONCLUSION

For the reasons set forth above, Morrison has failed to state a federal claim for relief and his claims are barred by the doctrine of sovereign immunity.  The defects set forth above could not be cured by the allegation of other facts.   As such, the proposed Complaint is without merit, the motion to proceed in forma pauperis should be denied, and this matter dismissed.

### A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325, 327; Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

Morrison's failure to state a federal claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### B. Address Changes

At all times during the pendency of these actions, Morrison SHALL IMMEDIATELY ADVISE the Court of any change of address

and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Morrison has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1.  Morrison's Motion to Proceed in Forma Pauperis (Court Doc. 1) should be **DENIED** and this matter **DISMISSED** for failure to state a federal claim.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any

appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Morrison may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT CV 10-00150-BLG-RFC-CSO / PAGE 12

objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of November, 2010.

/s/     Carolyn S. Ostby
United States Magistrate Judge