IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JAMES MORRISON, | ) | CV-10-150-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| LEROY SPANG, | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Defendant. | ) | |
| | ) | |

On November 29, 2010, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court deny Plaintiff's Motion to Proceed in Forma Pauperis and dismiss this case for failure to state a federal claim.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the November 29, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

The only Defendant named in this matter is a tribal officer who is neither a state actor nor a federal actor. Because Indian tribes are separate and distinct sovereignties, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). Additionally, "Indian tribes are neither states, nor part of the federal government, nor subdivisions of either." *N.L.R.B. v. Pueblo of San Juan*, 276 F.3d 1186 (10th Cir. 2002) (en banc). Unless Congress authorizes the suit or sovereign immunity has been waived, Indian tribes, tribal entities and persons acting on tribes' behalf in an official capacity enjoy sovereign immunity against suit. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998) (tribe); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity), *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985) (tribal officials). "Absent congressional abrogation or explicit waiver, sovereign immunity bars suit against an Indian tribe in federal court." *Burlington Northern & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1091 (9th Cir. 2007) (citing *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998)). "This immunity protects tribal officials acting within the

scope of their valid authority." *Burlington Northern*, 509 F.3d at 1090, citing *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985). Thus, Morrison's claims are barred by the doctrine of sovereign immunity.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis (*Doc. #1*) is **DENIED** and this matter is **DISMISSED** for failure to state a federal claim.

The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court is also directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record is plain that the instant Complaint is frivolous as it lacks arguable substance in law or fact.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the /  day of February, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE